IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**METECIA SMITH,**

        **Plaintiff,**

   **vs.**                                       **Civil Action 2:09-CV-692**
                                                            **Judge Frost**
                                                             **Magistrate Judge King**

**MILLER & ASSOCIATES LLP,** *et al.*,

        **Defendants.**


## ORDER and
## REPORT AND RECOMMENDATION

      Plaintiff Metecia Smith seeks leave to proceed in a civil action without prepayment of fees or costs. Doc. Nos. 1, 5. The motions for leave to proceed *in forma pauperis,* Doc. Nos. 1, 5, are **GRANTED.** All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, having performed the initial screen of the complaint required by 28 U.S.C. §1915(e), the Court concludes that the complaint fails to state a claim upon which relief can be granted. It is therefore **RECOMMENDED** that the complaint be **DISMISSED.**

      Plaintiff alleges that, in 2002, she paid defendant Miller & Associates, LLP (apparently a law firm in Columbus, Ohio) $67,000.00 to represent one Darrin Walker.[1] She alleges that defendant Miller & Associates, LLP, "farmed Walker's case out to attorney Dicker." *Complaint,* p.5, Doc. No. 5. Plaintiff alleges that extensive investigation, including the interview of witnesses and the conduct of discovery, were to be pursued and that "Walker's defense would be

---

[1] Darrin Walker was plaintiff's co-defendant in a criminal action filed in this Court. *United States v. Walker, et al.*, CR-2-02-35.

successful and would result in a prison sentence of less than five years." *Id.,* p.4.[2]

According to the complaint, plaintiff intends to pursue civil rights claims against the defendants. However, lawyers do not act under color of state law in representing clients. *Polk Co. v. Dodson,* 454 U.S. 312, 318-19 (1981). Moreover, a private attorney is not transformed into a federal official merely because he represents a criminal defendant in a federal prosecution. *See Cox v. Hellerstein*, 685 F.2d 1098, 1099 (6th Cir. 1982). The complaint therefore fails to state a claim for relief arising under federal law.

Even if it is assumed that plaintiff intends to pursue a state law claim of legal malpractice,[3] such claim would be untimely. In Ohio, a claim of legal malpractice must be commenced "within one year after the cause of action accrued." O.R.C. §2305.11(A). "[A] cause of action for legal malpractice accrues and the one-year statute of limitations commences to run either when the client discovers or in the exercise of reasonable diligence should have discovered the resulting damage or injury, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Omni Food & Fashion, Inc. v. Smith*, 38 Ohio St.3d 385 (1988) ¶1 of the syllabus.

The records of this Court reflect that judgment against Darrin

---

[2] Defendant Walker was convicted and sentenced to 360 months in prison. Doc. No. 51, CR-2-02-35. Plaintiff herself was also convicted and sentenced, upon re-sentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005), to 80 months in prison. Doc. No. 142, CR-2-02-35.

[3] Because it appears that plaintiff and defendants are residents of different states, the Court may have diversity jurisdiction under 28 U.S.C. §1332, because plaintiff seeks recovery of more than $75,000.00.

E. Walker was entered January 1, 2003, and that trial counsel's services terminated, at the latest, on February 3, 2003, when the Federal Public Defender was appointed to represent Darrin Walker on appeal. Doc. Nos. 51, 53, CR-2-02-35. Moreover, it is clear from the complaint filed in this action that plaintiff knew, during Walker's September 2002 trial, that no witnesses had been called in his defense. Yet plaintiff filed her initial affidavit for leave to proceed *in forma pauperis* nearly seven (7) years later, on August 7, 2009, Doc. No. 1, and the complaint was not submitted for filing until September 3, 2009. To the extent that the complaint is construed as asserting a legal malpractice claim under Ohio law, the complaint is untimely.

It is therefore **RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers,*

*Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


September 11, 2009                         *s/Norah McCann King*
                                                Norah McCann King
                                       United States Magistrate Judge